IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | | |
|---|---|---|
| CLAUDE M. MUMPOWER III, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | Case No. 1:13cv00074 |
| CITY OF BRISTOL, VIRGINIA, | ) | |
|     Defendant. | ) | |

This matter is before the court on the defendant's Motion To Dismiss, (Docket Item No. 3) ("Motion"). The Motion is ripe for decision, and counsel have not requested oral argument. Based on the arguments and representations of counsel, and for the reasons set out below, the Motion will be granted.


I.

Claude M. Mumpower III, by Amended Complaint filed February 3, 2014, (Docket Item No. 15), sues the City of Bristol, Virginia, ("City"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq., alleging that he was discriminated against in his employment as a Bristol police officer based on his sex. Mumpower alleges that he had worked as a police officer for the city since November 2006. He alleges that he was terminated from his job on or about April 17, 2012, while on light-duty work due to a job injury. The Amended Complaint states Mumpower "was advised by management that he had missed too much work and could not continue to work on light-duty."


The Amended Complaint alleges that one other female employee and two other female "officers" of the City were permitted to be absent from work for medical reasons for longer periods or were given light-duty work for longer

1

periods than Mumpower without being disciplined or terminated. Mumpower alleges he received disparate treatment by the defendant as a result of his sex. Mumpower alleges the City's discriminatory actions were intentional and deliberate.

Attached to Mumpower's original Complaint, (Docket Item No. 1-2), is a Notice of Right to Sue issued by the Equal Employment Opportunity Commission on June 24, 2013. The court's docket shows that Mumpower's original Complaint was filed with the court on September 24, 2013.

## II.

The City has moved to dismiss Mumpower's claim based on its argument that Mumpower has failed to state a plausible claim from sex discrimination based on disparate treatment under Title VII.[1] Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility

---

[1] The Motion also argued that Mumpower's claim should be dismissed because it was not filed within 90 days of the issuance of the EEOC Notice of Right to Sue. In Mumpower's response, counsel has correctly argued that the claim was timely filed in that it was filed within 93 days of the issuance of the Notice. *See* FED. R. CIV. P. RULE 6(e) (if actual date of receipt is unknown, it is presumed that the letter was received within three days after mailing). *See also Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 921 n.7 (E.D. Va. 1989).

standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable, but plausible. *See Twombly*, 550 U.S. at 555-63.

The Court further explained the *Twombly* standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. …
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Internal citations omitted).

Thus, for the purpose of ruling on the Motion, this court will assume that all well-pleaded factual allegations contained in the Amended Complaint are true, and all reasonable inferences will be drawn in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In deciding a Rule 12(b)(6) motion, the court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quotation omitted).

In order to show a prima facie case of disparate treatment under Title VII absent direct evidence, a plaintiff must show that: 1) he is a member of a protected class; 2) he was satisfactorily performing his job; 3) he was subjected to an adverse employment action; and 4) similarly situated employees outside his class received more favorable treatment. *See Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010); *Bateman v. Am. Airlines, Inc.*, 614 F. Supp. 2d 660, 674 (E.D. Va. 2009). The City argues that Mumpower's Amended Complaint fails to adequately plead a cause of action for disparate treatment under Title VII because it fails to allege that he was performing his job satisfactorily and fails to allege facts sufficient to show that the female employees who received more favorable treatment were similarly situated to Mumpower.[2]

Based on my review of the Amended Complaint, I find that Mumpower has alleged sufficient facts, when viewed in the light most favorable to him, to adequately plead that at least two of the female employees who received more favorable treatment were similarly situated. While the Amended Complaint does mention one female City employee without any further information concerning her job duties, it also states that two other female "officers" received more favorable treatment. Mumpower's Amended Complaint alleges that he was employed by the City as a police officer when he alleges he was discriminated against. Therefore, Mumpower has alleged that he and these comparators were employed in the same position. If employed in the same position, it is a reasonable inference that these employees all answered to the same supervisors and/or that the same person or persons were responsible to make decisions regarding their employment.

---

[2]     The City also had argued that Mumpower had failed to allege that the City's discriminatory actions were intentional. The Amended Complaint filed on February 3, 2014, resolved this deficiency, however.

Mumpower also has alleged that these two female officers were allowed to continue to work in light-duty positions when his request to do so was denied, and he was terminated. I find that these allegations are sufficient to adequately plead that similarly situated employees outside of the protected class received more favorable treatment.

Based on my review of the Amended Complaint, I do, however, find that it fails to state a claim for discrimination based on sex for disparate treatment in that it fails to allege that Mumpower was satisfactorily performing his job when he was terminated. As stated above, without direct evidence of discrimination, a plaintiff must plead and prove each of the four elements required to establish a prima facie case of disparate treatment. *See Coleman,* 626 F.3d at 190. There is no allegation in Mumpower's Amended Complaint as to the quality of his job performance prior to his termination. Mumpower argues that the court should infer satisfactory performance based on the fact that he alleges that he had worked for the City as a police officer for more than five years. Mumpower also alleges, however, that he was terminated from his employment on or about April 17, 2012. The mere fact that an employee worked for a period of time before being terminated does not lead to a reasonable inference that his work performance was satisfactory at the time of his termination.

For this reason I will grant the Motion. An appropriate order will be entered.

ENTERED: March 14, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE